UNITED STATES of America, Plaintiff–Appellee,

v.

Lagrone SHIELDS, Defendant– Appellant.

No. 02–6208.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

Before DAUGHTREY and MOORE, Circuit Judges; and CALDWELL, District Judge.*

*ORDER*

Lagrone Shields, a federal prisoner proceeding through counsel, appeals the sentence imposed following conviction. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 3, 2002, Shields pleaded guilty pursuant to a written plea agreement to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g), and to possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841. At sentencing, defense counsel moved for a downward departure pursuant to USSG §§ 5H1.2, 5H1.6, and 5H1.11. The government opposed the motion, but indicated that it would have no objection to a sentence at the low end of Shields's guideline range of 188 to 235 months. The district court judge denied the motion for a downward departure, declined to sentence Shields to the low end of the guideline range, and imposed a prison term of 200 months under the Armed Career Criminal Act.

In his timely appeal, Shields argues that the district court did not recognize its authority to depart downward and erroneously denied the motion.

We have consistently held that "a district court's discretionary refusal to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt,* 156 F.3d 638, 650 (6th Cir.1998); *see also United States v. Henderson,* 209 F.3d 614, 617–18 (6th Cir.2000). "Where the district court's sentencing decision evinces a purposeful decision not to depart downward, however, it is not appealable." *United States v. Strickland,* 144 F.3d 412, 418 (6th Cir.1998). The district court need not explicitly state that it is aware of its discretionary authority to depart downward; the record need only make clear the court's awareness of its discretion. *Id.; see also United States v. Owusu,* 199 F.3d 329, 349 (6th Cir.2000). But where the record does not provide any reason to doubt that the district court properly understood its discretion, this court will assume that the

---

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

district court did understand its discretion. *United States v. Ford,* 184 F.3d 566, 585 (6th Cir.1999).

When the district court's comments in the instant case are considered in their entirety and in context, it is clear that the district court's denial of the downward departure motion was a purposeful decision made with full awareness of its discretion. The court's comments indicate that it understood that it could depart below the guideline range, but had no desire to do so. Because the district court recognized its legal authority to depart, this court may not review the district court's discretionary refusal to depart.

Accordingly, the district court's judgment is affirmed.